FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 MAY 24 PM 12: 34

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN GEBHARDT, Individually And On Behalf Of All Others Similarly Situated, </br></br>Plaintiff, </br></br>vs. </br></br>CONAGRA FOODS INC., BRUCE C. ROHDE, JAMES P. O'DONNELL, KENNETH W. DIFONZO, and JAY D. BOLDING, </br></br>Defendants. | CASE NO. 4:01CV427 </br></br>**Judge Kopf** </br>**Magistrate Judge Piester** |

## ORDER AND FINAL JUDGMENT

On the 24th day of May, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 31, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form

approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired shares of ConAgra Foods, Inc. or ConAgra, Inc. (collectively, "ConAgra") common stock on the open market between August 28, 1998 and May 23, 2001, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of ConAgra's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired shares of ConAgra common stock on the open market between August 28, 1998 and May 23, 2001, inclusive. Excluded from the Class are the Defendants in this Action, members of the immediate families (parents, spouses, siblings, and children) of each of the Individual Defendants, all directors, officers, parents, subsidiaries and affiliates of ConAgra, any person, firm, trust, corporation or entity in which any Defendant during the Class Period had a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaint and the Amended Complaint, which the Court finds were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are based upon, or relate in any way to, statements or omissions made by, or on behalf of, or with the knowledge or reckless disregard of, any of the Released Parties relating in any way to the financial condition or financial results or financial performance of ConAgra, or any of its subsidiaries or affiliates, during the Class Period, or any other events, transactions, facts, matters, representations or omissions which occurred during the Class Period relating to the financial condition or financial results or financial performance of ConAgra, or any of its subsidiaries or affiliates, during the Class Period, and are in connection

with or relate to the purchase or other acquisition of the common stock of ConAgra on the open market during the Class Period (the "Settled Claims") against any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, insurers and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Provided, however, that the definition of Settled Claims shall not be deemed to include any claim against the Released Parties solely to the extent that such a claim arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Provided further that nothing herein shall be deemed to create or acknowledge the existence or validity of any ERISA claim on behalf of any ConAgra benefit plan, or the participants in or the beneficiaries of any such plan, or to limit any defenses (including without limitation any defense based upon the statute of limitations) to any such claim if it exists. Provided further that if any ERISA claims were asserted and resulted in any monetary recovery, the aggregate recovery in any such claims shall be offset by the aggregate proceeds received from the Net Settlement Fund in this case by any ConAgra benefit plan or the participants or beneficiaries in such a plan

8. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local,

statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of

any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding or arbitration, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Counsel are hereby awarded __25__ % of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $__175,852.41__ in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $14.0 million in cash that is already on deposit, plus interest thereon and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 232,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of twenty-five percent (25%) of the Gross Settlement Fund and for reimbursement of expenses in the approximate amount of $250,000 and six objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the

Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over __6,400__ hours, ~~with a lodestar value of $_____, to achieve the Settlement~~; and *RGK TW LAL SP KES*

(g) The amount of attorneys' fees requested and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

15. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

16. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

| Dated: ~~Lincoln, Nebraska~~ RGK <br> May 24, 2005 | /s/ Richard G. Kopf <br> Honorable Richard G. Kopf <br> UNITED STATES DISTRICT JUDGE |

Approved:

/s/ Sanford P. Duman — Sanford P. Duman

/s/ Thomas M. White — Thomas M. White

/s/ Kay E. Sickler — Kay E. Sickler

/s/ Leo A. Knowles — Leo A. Knowles

10

# EXHIBIT 1

## List of Persons and Entities Excluded from the Class in Gebhardt v. ConAgra Foods, Inc., et al.

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class in Gebhardt v. ConAgra Foods, Inc., et al.:

| IN RESPONSE TO THE NOTICE OF PRNDENCY (postmarked on or before April 14, 2005) | |
|---|---|
| James F. and Walta S. Ruff<br>1117 Greenbriar Drive<br>Fort Collins, Colorado 80524-8509 | Hollis P. Behannon<br>63 Rosewood Drive #1<br>Jasper, Texas 75951-4851 |
| Nels Nelson<br>38990 State Highway 257<br>Fort Collins, Colorado 80524 | Peter J. & Ruth G. Stovak<br>5528 Belle Reeve Court<br>Hamilton, Ohio 45011 |
| Mary M. Cochrane<br>114 Seaspray Avenue<br>Palm Beach, Florida 33480-4227 | James S. Hunter<br>10908 Lansdown Lane<br>Fort Smith, Arkansas 72908 |
| Hydrite Chemical Company Dana Inv<br>c/o Jennifer Pierson<br>Bank One<br>Investment Services Grp<br>Capital Changes<br>Mail Code OH1 0393<br>340 S Cleveland Ave., Bldg. 350<br>Westerville, Ohio 43081 | Walter A. Melley<br>2617 Antillery Rd., Apt 327<br>Abilene, Texas 79606 |
| Barbara L. Graham<br>1518-D Benjamin Parkway<br>Greensboro, North Carolina 27408 | Carolyn Beck<br>P.O. Box 607<br>San Clemente, California 92674-0607 |
| Colt Family Trust<br>Donald Vincent Colt, Trustee<br>Cheryle Pearl Colt, Trustee<br>1713 Caliban Drive<br>Encinitas, California 92024-3006 | Thomas F. Black (IRA Account)<br>P. O. Box 10147<br>El Dorado, Arkansas 71730-0023 |
| Joanne D. Black (IRA Account)<br>P. O. Box 10147<br>El Dorado, Arkansas 71730-0023 | Richard A. McGauran, Jr.<br>881 Ridgeway Circle<br>Talladega, Alabama 35160 |
| Michael L. Siemieniec<br>14611 Bridle Court<br>Homer Glen, Illinois 60491 | Gerard R. Peterson<br>P. O. Box 85<br>Hyrum, Utah 84319 |

*[Handwritten initials at bottom right]*

| | |
|---|---|
| Judith L. Monje<br>3300 Maple Dr.<br>Plover, Wisconsin  54667 | Cheryl J. Mason<br>315 Friar Tuck Drive<br>Schererville, Indiana  46375-1811 |
| Rosemary Christopherson<br>Kori (Christopherson) Abdouch<br>13410 Blondo Street #121<br>Omaha, Nebraska  68164 | David F. & Marilyn K. Lees<br>6889 E. Greens Drive<br>Nampa, Idaho  83687 |
| Alice M. De Perna<br>Gerard De Perna<br>18127 SW 73rd Loop<br>Dunnellon, Florida  34432 | Gail L. Buttars<br>1153 North 1600 East<br>Logan Utah  84341 |
| Dennis A. Gasper<br>N6287 River Heights Dr.<br>Plymouth, Wisconsin  53073 | Milton and Joann Grebe Rev. Trust<br>dated 5/2/03<br>Joann Grebe, Trustee<br>805 Connie<br>Jackson, Missouri  63755 |
| Hollis P. Behannon<br>63 Rosewood Drive #1<br>Jasper, Texas  75951-4851 | June R. Clippinger<br>1853 Dogwood Ln<br>Linton, Indiana  47441 |
| Jack W. Forbes<br>1602 Greenleaves Drive<br>Jeffersonville, Indiana  47130-7540 | Ellen I. Holcomb<br>S-2171 Town Hall Road<br>Reedsburg, Wisconsin  53959 |
| Theodore A. Essswein & Judy A. Esswein<br>2312 Wembley Drive<br>St. Louis, Missouri  63125-3234 | Mary J. W. Scott<br>5758 Campanile Way<br>San Diego, California  92115 |

| | |
|---|---|
| IN RESPONSE TO NOTICE OF PENDENCY (postmarked after April 14, 2005) | |
| Doris F. Englmeier POA FBO Lenace L. Fritts A/C 27961000S-EQINC<br>3605 Chestnut Oak Drive<br>Fort Pierce, Florida  34981 | Frank C. Ellis, Jr.<br>Wallace, Ellis, Fowler & Head<br>P.O. 587<br>Columbiana, Alabama  35051 |