IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN GEBHARDT, Individually And On Behalf Of All Others Similarly Situated, ) ) ) | CASE NO. 4:01CV427 |
| Plaintiff, ) ) ) | Judge Kopf |
| vs. ) ) ) | Magistrate Judge Piester |
| CONAGRA FOODS INC., BRUCE C. ROHDE, JAMES P. O'DONNELL, KENNETH W. DIFONZO, and JAY D. BOLDING, ) ) ) ) ) | |
| Defendants. ) | |

**ORDER AUTHORIZING
DISTRIBUTION OF CLASS SETTLEMENT FUND**

**WHEREAS**, on December 31, 2004, the parties to the above-captioned action (the "Action) entered into a Stipulation and Agreement of Settlement dated as of December 31, 2004 (the "Stipulation") which provided for the settlement of this Action; and

**WHEREAS**, on May 24, 2005, this Court entered an Order and Final Judgment (the "Final Judgment") approving the terms of the Stipulation for the settlement of this Action on behalf of a class consisting of all persons and entities who purchased or otherwise acquired shares of ConAgra Foods, Inc. or ConAgra, Inc. (collectively, "ConAgra") common stock on the open market between August 28, 1998 and May 23, 2001, inclusive; and

**WHEREAS**, the Final Judgment also approved the Plan of Allocation for distributing the proceeds of the settlement to Class Members who submitted acceptable Proofs of Claim (the "Authorized Claimants"); and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, as detailed in the Affidavit of Kim R. Schmidt in Support of Motion for Distribution of Class Settlement Fund dated December 28, 2006 (the "Schmidt Affidavit dated December 28"), the Claims Administrator, Rust Consulting, Inc. ("Rust Consulting"), has processed 93,606 Claims, of which 29,594 have been accepted and 64,012 have been rejected; and

**WHEREAS**, claimant Joseph L. Harper has requested this Court's review of the administrative rejection of his Claim (Document ID Number 002440); and

**WHEREAS**, claimant Wolverhampton City Council (Document ID Number 093646) has submitted a late but otherwise valid Proof of Claim which was received by the Claims Administrator on December 26, 2006;

**WHEREAS,** claimant Azionario Nord America Fund (Document ID Number 017346), who is included on the computer printout of rejected claims submitted with Schmidt Affidavit dated December 28, 2006, submitted supporting documentation to the Claims Administrator on January 18, 2007 which the Claims Administrator has determined to be sufficient to cure the deficiency in its Claim;

**WHEREAS**, claimant Carol Forman (Document ID Number 093647) has submitted a late but otherwise valid Proof of Claim which was received by the Claims Administrator on January 22, 2007;

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of the Claims and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing of the Schmidt Affidavit dated December 28, 2006, the Supplemental Affidavit of Kim R. Schmidt dated January 24, 2007, and Plaintiffs' Brief in Support of Motion for Distribution of Class Settlement Fund, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED,** that the Claim submitted by claimant Joseph L. Harper (Document ID Number 002440) shall be **REJECTED**; and it is further

**ORDERED,** that the late Claim submitted by claimant Wolverhampton City Council (Document ID Number 093646) shall be **ACCEPTED, for a Recognized Claim amount of $17,368.98**; and it is further

**ORDERED,** that the Claim submitted by claimant Azionario Nord America Fund (Document ID Number 017346), whose deficiency was cured by the supporting documentation submitted on January 18, 2007, shall be **ACCEPTED, for a Recognized Claim amount of $9,180.00**; and it is further

**ORDERED,** that the late Claim submitted by claimant Carol Forman (Document ID Number 093647) shall be **ACCEPTED, for a Recognized Claim amount of $27.54**; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Schmidt Affidavit, including claims submitted after June 30, 2005 through and including December 15, 2006, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described

3

in the Schmidt Affidavit be and the same hereby are approved, and said claims are hereby rejected (except to the extent that the Claim of Joseph L. Harper is accepted above); and it is further

**ORDERED**, that Rust Consulting be paid the sum of $290,743.18 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation, and distribution of the Net Settlement Fund; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants who would receive at least $5.00 based on their Recognized Claims listed on the computer printout submitted with the Affidavit of Kim R. Schmidt; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the

Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, except as provided herein, that no claim submitted after December 15, 2006 may be accepted for any reason whatsoever.

January 31, 2007. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge